IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

SHAHEED TAALIB'DIN MADYUN,

    Plaintiff,           ORDER

 v.

                     08-cv-032-bbc

LT. KUSTER, LT. KIRBY LINJER and
OFFICER JOHN DOE,

    Defendants.

---

   The preliminary pretrial conference order entered on February 8, 2008 is AMENDED to reflect the following:

**Plaintiff's Service of John Doe/Jane Doe Discovery Requests: February 22, 2008**

   Plaintiff's immediate focus should be on identifying the John Doe defendant. Plaintiff must serve all of his discovery requests on this issue as soon as possible but not later than the date set forth above. It is important for plaintiff to prepare clear, thorough discovery requests so that the assistant attorney general and the institution have enough information to provide useful responses. It is not the responsibility of the assistant attorney general or the institution to determine the identity of the Doe defendant on their own.

   Although this court ordinarily does not want copies of the parties' discovery requests and responses, discovery aimed at identifying Doe defendants is an exception. Therefore, plaintiff must file with the court a copy of any discovery request relating to the Doe defendant that he serves on the assistant attorney general.

If by the deadline set forth above the plaintiff has not served and filed any discovery requests aimed at identifying the Doe defendant, then the court will presume that plaintiff has abandoned his claims against the Doe defendant.

Upon receipt of plaintiff's discovery requests relating to the Doe defendant, the assistant attorney general should endeavor to provide the requested information as soon as possible but not later than the time allowed by the federal rules of civil procedure.  Although the assistant attorney general and the institution have no duty to conduct a proactive investigation, the court expects them to use good faith best efforts promptly to identify the Doe defendant in this case.

The assistant attorney general should file with the court a copy of his responses to plaintiff's discovery requests relating to the Doe defendant.  The assistant attorney general also must report to the court whether he will accept service of the amended complaint on behalf of the Doe defendant.  If he chooses not to accept service, then he must provide to the court, ex parte and under seal, the known addresses of the now-identified Doe defendant so that the Marshals Service may serve him with the amended complaint.

Entered this 15th day of February, 2008.

BY THE COURT:

/s/

STEPHEN L. CROCKER
Magistrate Judge