IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

SHAHEED TAALIB'DIN MADYUN,                                    ORDER

                          Plaintiff,                                     08-cv-32-bbc

      v.

LT. KUSTER;
LT. KIRBY LINJER; and
JOHN DOE,

                          Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      This is one of six separate lawsuits plaintiff chose to pursue in this court after I determined that his multi-claim, multi-defendant complaint in Madyun v. Muraski, 07-cv-318-bbc, violated Fed. R. Civ. P. 20. In this severed lawsuit, plaintiff is proceeding on the following claims: 1) defendants Kuster, Kirby Linjer and a John Doe officer violated plaintiff's Eighth Amendment rights when they assaulted him in his cell in February 2002; 2) in June 2001, defendant Kuster violated plaintiff's First Amendment rights by confiscating his watch in retaliation for plaintiff's work as a jailhouse lawyer; and 3) in November 2001, defendant Linjer violated plaintiff's Eighth Amendment rights by prolonging plaintiff's exposure to smoke from a fire another inmate set in plaintiff's unit. Presently before the court is defendants' motion for partial summary judgment, in which

defendants contend that plaintiff failed to exhaust his administrative remedies with respect to his claims that defendants Kuster, Linjer and Doe assaulted him and that Kuster confiscated his watch in retaliation for his legal work. Also before the court is plaintiff's April 30, 2008 "Motion Seeking Delay in Ruling on Summary Judgment and Dismissal of Case against Defendant Until All Interrogatories and Discovery Demands Have Been Answered by Defendants" (Dkt. #39), plaintiff's April 30, 2008 "Request to Consider Submitted Exhibits" (Dkt. #40), and plaintiff's May 3, 2008 "Motion in Agreement with Defendants to Allow a Rewrite of the Three Briefs (Dkt. #42). Because plaintiff's first and last motions each are aimed at delaying resolution of defendants' motion for summary judgment, I will address them together.

In his motion "Seeking Delay in Ruling. . .", plaintiff asks that the court permit him to submit additional documents in opposition to defendants' motions for summary judgment after he receives responses to interrogatories he sent to defendants on April 8, 2008, and a request for production of documents he sent to defendants on April 14, 2008.

Plaintiff's "Motion in Agreement with Defendants to Allow a Rewrite of the Three Briefs" must be put in context. Defendants have filed motions for summary judgment on the merits of plaintiff's claims in case nos. 07-cv-318-bbc and 08-cv-30-bbc, and motions for summary judgment raising the defense of failure to exhaust in this and three of plaintiff's other pending cases, 08-cv-31-bbc, 08-cv-33-bbc and 08-cv-34-bbc. Plaintiff has taken a scattershot approach to responding to these motions. Instead of limiting his responses to

the particular issues before the court in each case, plaintiff has filed a variety of documents bearing the case captions of all six cases, including a 27-page brief in opposition to the several motions for summary judgment in which he jumbles together his arguments relating to each motion. In addition, he has submitted a total of 267 pages of unmarked, unorganized exhibits purportedly supporting his arguments against summary judgment in all of his cases. On May 1, 2008, defendants in case nos. 07-cv-318-bbc, 08-cv-30-bbc and 08-cv-31-bbc (but not in this case or case nos. 08-cv-33-bbc or 08-cv-34-bbc), moved to strike plaintiff's 27-page brief because of its confusing mix of relevant and irrelevant arguments. In his "Motion in Agreement. . . ," plaintiff admits that his submissions are difficult to understand. Thus, he asks for permission to spend another ninety days rewriting his briefs "in order to get it right." Both of plaintiff's requests will be denied.

Plaintiff has had more than ample opportunity to collect and organize documentation of his exhaustion of administrative remedies with respect to the two claims at issue in defendants' motion for summary judgment in this case. Originally, defendants sought dismissal of plaintiff's unexhausted claims in a motion to dismiss filed on March 5, 2008. On March 7, 2008, I converted the motion to a motion for summary judgment and gave plaintiff until March 21, 2008, in which to oppose it. Later, in response to a motion from plaintiff, I extended his deadline to March 28, 2008. Not utilizing the extension, plaintiff filed his opposing brief, together with an affidavit and 45 pages of documents on March 21,

3

2008. On April 4, 2008, plaintiff wrote a letter saying he had just received access to additional documents that would help him prove he had exhausted his administrative remedies in this case and in case nos. 08-cv-33-bbc and 08-cv-34-bbc. Curiously, although he asked for permission to submit these documents to the court, plaintiff did not include them with his letter. Nevertheless, in an order dated April 8, 2008, I granted plaintiff's request, telling him he could have until April 18, 2008, in which to submit to the court and counsel for defendants authenticated copies of any additional documents he believed would prove that he had exhausted his administrative remedies. Plaintiff took this opportunity to submit a new 27-page brief (the one defendants ask be stricken in cases other than this one) and another 222 pages of documents, the vast majority of which have nothing to do with this case. Plaintiff's failure to begin discovery sooner and his strategic decision to combine his responses to defendants' motions in documents that are cluttered with irrelevant material will not be rewarded with yet another delay and an opportunity to pile even more documents on the heap of exhibits plaintiff has already provided.

In plaintiff's "Request to Consider Submitted Exhibits" (Dkt. #40), plaintiff acknowledges that in case no. 07-cv-318-bbc, the defendants have asked that certain of plaintiff's evidentiary materials (which have been submitted in all of his cases) be ignored because they are unauthenticated. In an effort to cure the defective submissions, plaintiff now has filed an affidavit (Dkt. #41) in which he avers that "all documents submitted by

4

him were exact copies of the original documents on file and in his personal files." In a document titled "Response to Admissibility of Plaintiff's Documents," defendants concede that they have already filed in support of their motion "the vast majority" of the documents plaintiff submitted and, therefore, do not object to the admissibility of those documents. They note, however, that other documents not a part of their earlier submissions are irrelevant to the claims in this case with the possible exception of two documents, a June 4, 2002 letter from plaintiff to Warden Judy Smith and a group offender complaint dated February 13, 2007. For the purpose of deciding defendants' motion for summary judgment, I have excluded from consideration all of plaintiff's submissions that are irrelevant to the issues in this case. Moreover, whether I accept as properly authenticated plaintiff's June 4, 2002 letter to Judy Smith and his February 13, 2007, these documents are insufficient to show that plaintiff exhausted his administrative remedies on the claims at issue in defendants' motion. Therefore, I will grant plaintiff's "Request to Consider Submitted Exhibits."

I turn then to defendants' motion for summary judgment. The following facts are drawn from the allegations in plaintiff's complaint and the relevant exhaustion documents the parties have submitted in connection with the present motion. In addition, I have taken judicial notice of orders entered in the public record of a case plaintiff filed in the Eastern District of Wisconsin, and subsequently appealed to the Court of Appeals for the Seventh

5

Circuit, Madyun v. Lemon, 04-cv-343-WCG.

UNDISPUTED FACTS

Sometime in 2004, plaintiff filed a civil action in the Eastern District of Wisconsin, Madyun v. Lemon, 04-cv-343-WCG, in which he alleged that defendants Linjer and Kuster and a third prison official had beaten him up on February 27, 2002. In an order entered in that case on March 30, 2005, Judge Griesbach held that plaintiff had not exhausted his administrative remedies, 1:04-cv-343-WCG, dkt. #72 (March 30, 2005), aff'd sub nom, Madyun v. Cook, 204 Fed. Appx. 547, 548 2006 WL 2053466, 1 (7th Cir. 2006).

Apparently in response to the dismissal of his appeal in case no. 04-cv-343-WCG, on October 11, 2006, plaintiff filed a new inmate complaint claiming among other things that on February 27, 2002, three officers entered his cell wearing black suits and ski masks and beat him viciously until he pretended to pass out, at which time the officers discussed killing plaintiff and ultimately decided not to do so. On October 12, 2006, plaintiff's complaint was returned to him for his failure to meet the filing requirements for an inmate complaint. In particular, Donna Liebergen, an institution complaint examiner, advised plaintiff

> This complaint is being returned as it contains multiple issues. You mention the incident with staff in a seg cell, lack of medical attention, ICE cover up. You also need to legibly sign complaints using the first and last name you were committed to the department with. If you re-submit this complaint, please clearly specify your one issue and ensure your signature is legible and includes

> your first and last name. You are also reminded to file within the time limits per DOC 310.

Subsequently, on October 16, 2006, plaintiff received an "ICE Receipt" assigning complaint number GBCI-2006-30524 to his complaint. On October 18, 2008, a Jennifer Delvaux issued a formal "ICE Rejection" of the complaint stating,

> Pursuant to DOC 310.11(5)(d), the "inmate submitted the complaint beyond 14 calendar days from the date of the occurrence giving rise to the complaint and provides no good cause for the ICE to extend the time lines." The complainant lists the date of occurrence as 02/27/02. Complaint also contains multiple issues.

Plaintiff sought review of the rejected complaint on October 18, 2006. A "reviewing authority" acknowledged receipt of plaintiff's appeal on October 23, 2006. On that same day, Warden Judy Smith issued a decision, holding that plaintiff's complaint had been appropriately rejected "in accordance with DOC 310.11(5)."

The Department of Corrections has no record of plaintiff's ever having filed an inmate complaint or appeal concerning his assertion that in June 2001, defendant Kuster confiscated his watch in retaliation for plaintiff's work as a jailhouse lawyer.

## OPINION

Under 42 U.S.C. § 1997e(a), a prisoner must exhaust all available administrative remedies before filing a lawsuit in federal court. This means that the prisoner must "properly

7

take each step within the administrative process," Pozo v. McCaughtry, 286 F.3d 1022, 1025 (7th Cir. 2002), which includes following instructions for filing the initial grievance, Cannon v. Washington, 418 F.3d 714, 718 (7th Cir. 2005), as well as filing all necessary appeals, Burrell v. Powers, 431 F.3d 282, 284-85 (7th Cir. 2005), "in the place, and at the time, the prison's administrative rules require." Pozo, 286 F.3d at 1025. Thus, if prison officials reject a grievance for failing to comply with a procedural requirement and they decline to address the merits of the grievance, the general rule is that the prisoner has not exhausted his administrative remedies and any lawsuit the prisoner later files must be dismissed. Dixon v. Page, 291 F.3d 485 (7th Cir. 2002); Lewis v. Washington, 300 F.3d 829 (7th Cir. 2002); Pozo, 286 F.3d at 1025. Defendants have the burden to prove that plaintiff failed to comply with § 1997e(a). Jones v. Bock, – U.S. – , 127 S. Ct. 910 (2007).

Wisconsin inmates have access to an administrative grievance system governed by the procedures set out in Wis. Admin. Code §§ DOC 310.01-310.18. Under these provisions, prisoners start the complaint process by filing an inmate complaint with the institution complaint examiner. An institution complaint examiner may investigate inmate complaints, reject them for failure to meet filing requirements or recommend to the appropriate reviewing authority that they be granted or dismissed. Wis. Admin. Code § DOC 310.07(2). However, if the institution complaint examiner makes a recommendation that the complaint be granted or dismissed on its merits, the appropriate reviewing authority may dismiss,

8

affirm or return the complaint for further investigation. Wis. Admin. Code § DOC 310.12. If an inmate disagrees with the decision of the reviewing authority, he may appeal to a corrections complaint examiner, who is required to conduct additional investigation where appropriate and make a recommendation to the Secretary of the Wisconsin Department of Corrections. Wis. Admin. Code § DOC 310.13. Within ten working days following receipt of the corrections complaint examiner's recommendation, the Secretary must accept the recommendation in whole or with modifications, reject it and make a new decision or return it for further investigation. Wis. Admin. Code § DOC 310.14.

Under some circumstances an inmate complaint may be rejected before it is passed along to a reviewing authority. These include instances in which the complaint is untimely. Wis. Admin. Code § DOC 310.11(5)(d). When an inmate's complaint is rejected, the prisoner may appeal the rejection to the appropriate reviewing authority (usually the warden), who may review only "the basis for the rejection of the complaint." Wis. Admin. Code § DOC 310.11(6). If an inmate appeals the rejection of his complaint to the warden and the warden agrees that the rejection is inappropriate, the inmate's complaint would be returned to the institution complaint examiner for review on the merits. At that point, the inmate would have to appeal any unfavorable decisions using the procedures described in Wis. Admin. Code § 310 before a federal court could find that he exhausted his administrative remedies.

9

In determining whether plaintiff exhausted his administrative remedies with respect to his claim that defendants Kuster and Linjer and a John Doe defendant beat him up on February 27, 2002, I must accept as fact that plaintiff did not exhaust his administrative remedies before 2004, when he raised the same claim in Madyun v. Lemon, 04-cv-343-WCG. Judge Griesbach has ruled that plaintiff failed to exhaust his administrative remedies on this claim before he filed his 2004 action, and the court of appeals has agreed with this determination. Those determinations cannot be relitigated in this case. Meyer v. Rigdon, 36 F.3d 1375, 1379 (7th Cir. 1994) (issue preclusion applies when same party lost on same issue in previous case). In one of his multiple supplements to his brief, dkt. #28, plaintiff argues that Judge Griesbach's decision has no effect on this case because the case in the Eastern District was dismissed "because [plaintiff] misidentified his exhibits." This is a brazen misrepresentation of Judge Griesbach's decision in which he painstakingly considered each of the documents that plaintiff submitted to show administrative exhaustion. At the conclusion of this discussion, the court stated that "there is no evidence that Madyun exhausted his administrative procedures." Madyun v. Lemon, No. 04-C-343 (Order dated December 27, 2005). Thus, the only question before this court with respect to plaintiff's first claim is whether he exhausted his administrative remedies sometime after 2004. I conclude he did not.

Plaintiff's 2006 inmate complaint was rejected as untimely. When plaintiff appealed

10

the rejection to the warden, the warden upheld the institution complaint examiner's action. Plaintiff has pointed to no evidence in the record to show that he presented his claim in the place, at the time, and in the manner the prison's administrative rules require. Therefore, defendants have met their burden to show that plaintiff failed to exhaust his administrative remedies with respect to his claim that defendants Kuster and Linjer and a John Doe beat him up on February 28, 2002. The claim will be dismissed without prejudice to plaintiff's refiling it at a later time if he succeeds in properly presenting the claim through the administrative grievance process. (Although it appears highly unlikely that plaintiff will be able to complete the grievance process at this late date, dismissals for failure to exhaust are always without prejudice. Ford v. Johnson, 362 F.3d 395, 401 (7th Cir. 2004).)

Also, with respect to plaintiff's retaliation claim against defendant Kuster, defendants have been unable to find any record of plaintiff's having raised this claim in a properly filed grievance and plaintiff has not provided evidence that he did. Indeed, plaintiff does not argue in his brief that defendants are mistaken on this point. Therefore, I conclude that this claim, too, must be dismissed without prejudice.

ORDER

IT IS ORDERED that

1. Plaintiff's "Motion Seeking Delay in Ruling on Summary Judgment and Dismissal

11

of Case against Defendant Until All Interrogatories and Discovery Demands Have Been Answered by Defendants" (Dkt. #39) is DENIED.

2. Plaintiff's "Motion in Agreement with Defendants to Allow a Rewrite of the Three Briefs (Dkt. #42) is DENIED.

3. Plaintiff's "Request to Consider Submitted Exhibits" (Dkt. #40) is GRANTED.

4. Defendants' motion for partial summary judgment is GRANTED. Plaintiff's claims that defendants Kuster, Kirby Linjer and a John Doe officer violated plaintiff's Eighth Amendment rights when they assaulted him in his cell in February 2002 and that in June 2001, defendant Kuster violated plaintiff's First Amendment rights by confiscating his watch in retaliation for plaintiff's work as a jailhouse lawyer are DISMISSED without prejudice for plaintiff's failure to exhaust his administrative remedies.

5. This action is DISMISSED as to defendants Lt. Kuster and John Doe.

Entered this 21st day of May, 2008.

BY THE COURT:

/s/
_____
BARBARA B. CRABB
District Judge

12