IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

SHAHEED TAALIB'DIN MADYUN,                                    ORDER

                         Plaintiff,                                    08-cv-32-bbc

     v.

LT. KIRBY LINJER,

                         Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      In this prisoner civil rights case, plaintiff Shaheed Madyun is proceeding on a claim that defendant Kirby Linjer, a correctional officer, violated plaintiff's Eighth Amendment rights by prolonging his exposure to smoke from a fire another prisoner set in plaintiff's unit. (In an opinion and order dated May 23, I dismissed several other claims for plaintiff's failure to exhaust his administrative remedies as required by 42 U.S.C. § 1997e(a).)

      Now before the court is defendant Linjer's motion for summary judgment on the remaining claim. Defendant argues that he is entitled to summary judgment because no medical records reflect that plaintiff was harmed by the smoke and, even if he was harmed, defendant was not aware of any danger posed to plaintiff because defendant was in another part of the prison at the time. In addition, defendant raises a qualified immunity defense.

1

A review of the record shows that plaintiff's claim is not amenable to resolution on a motion for summary judgment. In his affidavit, dkt. #60, plaintiff avers that after being exposed to the smoke for approximately 45 minutes, he was choking on the smoke, his nose was bleeding and he was coughing up blood. Further, plaintiff avers that he saw defendant through his cell window and that he spoke to defendant through the emergency intercom system. When plaintiff complained to defendant about his symptoms, defendant turned the intercom off. Defendant then walked by plaintiff's cell as plaintiff was lying on the floor and defendant did nothing to help. Plaintiff says he waited more than 2 1/2 hours before he was pulled out of his cell and taken to the hospital. If true, these facts are sufficient to show that defendant intentionally disregarded a substantial risk to plaintiff's health and safety, in violation of his clearly established rights under the Eighth Amendment. Hope v. Pelzer, 536 U.S. 730 (2003); Farmer v. Brennan, 511 U.S. 825 (1994).

Of course, defendant denies plaintiff's allegations, but that simply means that the case "comes down to a good old-fashioned swearing contest that can be resolved only by assessing the credibility of the two [parties]. Credibility determinations . . . lie exclusively within the fact-finder's domain and are not appropriate for a district court to make at the summary judgment stage." Townsend v. Fuchs, 522 F.3d 765, 774-775 (7th Cir. 2008). Defendant is free to impeach plaintiff's version of events at trial with the medical records and testimony from other officers regarding his whereabouts during the relevant events, but I may not

2

disregard plaintiff's testimony, even though it sounds implausible. Washington v. Haupert, 481 F.3d 543, 549 (7th Cir. 2007). Accordingly, defendant's motion for summary judgment must be denied.

ORDER

IT IS ORDERED that defendant Kirby Linjer's motion for summary judgment, dkt. #46, is DENIED.

Entered this 18th day of July, 2008.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge

3