IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

SHAHEED TAALIB'DIN MADYUN,                                    ORDER

                        Plaintiff,                                    08-cv-32-bbc

     v.

LT. KIRBY LINJER,

                        Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

       This is an open case. On May 21, 2008, I granted defendants' motion for partial summary judgment after finding that plaintiff had failed to exhaust his administrative remedies with respect to his claims that defendants assaulted him in his cell in February 2002 and that defendant Kuster confiscated plaintiff's watch in retaliation for plaintiff's legal work. However, on July 18, 2008, I denied defendant Linjer's separate motion for summary judgment on plaintiff's claim that Linjer prolonged plaintiff's exposure to smoke from a fire another inmate set in his unit in November 2001, and in June 2001, because plaintiff succeeded in putting into dispute one or more material facts. This portion of the case is scheduled for trial on October 20, 2008. Nevertheless, without waiting for the entire suit to be resolved, plaintiff has filed a notice of appeal from the May 21, 2008 decision to dismiss certain of his claims for his failure to exhaust his administrative remedies and has

paid the $455 filing fee. Because the case is still proceeding with respect to defendant Linjer, I construe plaintiff's notice of appeal to include a motion for the entry of final judgment pursuant to Fed. R. Civ. P. 54 as to former defendants Kuster and John Doe.

>Fed. R. Civ. P. 54(b) provides in pertinent part:
>
>[W]hen multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. In the absence of such determination and direction, any order or other form of decision, however, designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.

The purpose of Rule 54(b) is to avoid "piecemeal disposal of litigation." Advisory Comm. Notes. Under this rule, a judge has the power to enter final judgment whenever there are multiple parties following an order that finally resolves a party's liability even though the case continues in the district court between the other parties. As a general rule, however, the court of appeals frowns on the entry of partial final judgments, Doe v. City of Chicago, 360 F.3d 667, 673 (7th Cir. 2004) (judge has power to enter final judgment under Rule 54(b), but not duty), unless the order to be appealed from finally resolves a party's entire liability. The ruling on defendants' motion for summary judgment for plaintiff's failure to exhaust his administrative remedies finally resolved plaintiff's claims against defendants Kuster and John Doe. (Although dismissals for failure to exhaust are always without prejudice, Ford v.

Johnson, 362 F.3d 395, 401 (7th Cir. 2004), when the dismissal without prejudice winds up the litigation in the federal court system, it is appealable even though it may "kick off" administrative proceedings in another forum. Disher v. Information Resources, Inc., 873 F.2d 136, 139 (7th Cir. 1989) (citing cases)).

Nevertheless, entering a partial final judgment requires a court to determine that no just reason for delay exists. Rule 54(b). One "just reason" can be the need to develop a factual basis for disputed questions of law, id.; another may be to relieve the court of appeals of the need to familiarize itself with the factual and legal issues of a case more than once. Here, the latter reason applies. Defendant Linjer's liability on all of plaintiff's claims has not been fully resolved. If I allow plaintiff to take an immediate appeal from the decision to grant summary judgment to defendants Kuster and Doe on his claim that these defendants, along with defendant Linjer, assaulted him in 2002, and plaintiff later files an appeal from the disposition of his claims against defendant Linjer, the court of appeals will be required to go over the same issue twice. Because the entry of judgment with respect to plaintiff's claims against defendants Lt. Kuster and John Doe will likely lead to piecemeal appeals that will require the court of appeals to review the same factual record more than once, I will deny plaintiff's motion for entry of judgment pursuant to Rule 54(b) on his claims against former defendants Kuster and Doe.

ORDER

IT IS ORDERED that plaintiff's motion for the entry of final judgment pursuant to Fed. R. Civ. P. 54 with respect to former defendants Lt. Kuster and John Doe is DENIED.

Entered this 28th day of July, 2008.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge