IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

SHAHEED TAALIB'DIN MADYUN,                                  ORDER

                          Plaintiff,                                  08-cv-32-bbc

     v.

LT. KIRBY LINJER,

                          Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      This case is proceeding on plaintiff Shaheed Madyun's claim that defendant Kirby Linjer violated plaintiff's Eighth Amendment rights by prolonging his exposure to smoke from a fire another prisoner set in plaintiff's unit. After dismissing several of plaintiff's claims for his failure to exhaust his administrative remedies, I denied defendant's motion for summary judgment on the remaining claim in an order dated July 18, 2008. Trial is scheduled for October 22, 2008. Now defendant has moved for judgment on the pleadings on the ground that plaintiff's claim was dismissed on the merits in an earlier case he filed in the Eastern District of Wisconsin, Madyun v. Cook, 04-C-343 aff'd, 204 Fed. Appx. 547, 2006 WL 2053466 (7th Cir. 2006).

      Defendant has wasted this court's time and his own by filing this motion. First,

1

defendant has missed the deadline for filing dispositive motions by more than three months. Although defendant says he did not review the earlier case until recently, he does not provide an adequate justification for waiting more than a year to investigate this issue. The decision from the Eastern District was discussed in this court's screening order dated August 1, 2007. Because federal court decisions are matters of public record and are available on the federal judiciary's PACER system, defendant easily could have raised this issue in one of his two previous motions for summary judgment or even earlier. By failing to do so, defendant has waived his affirmative defense. Marcus v. Sullivan, 926 F.2d 604, 615 (7th Cir. 1991).

In any event, it is clear that the doctrine of claim preclusion does not apply to plaintiff's claim against defendant. That doctrine requires an earlier judgment on the merits with respect to the same claim *and* the same party. Ross ex rel. Ross v. Board of Education of Township High School District, 211, 486 F.3d 279, 283(7th Cir. 2007). In the 2004 case, plaintiff did bring a claim about smoke inhalation, but not against defendant Linjer. The district court's decision is clear that plaintiff brought the claim against three officers named Kuster, Jones and Smith. Madyun v. Cook, 04-C-343, slip op. at 4 (E.D. Wis. Dec. 27, 2005), dkt. #100. Plaintiff brought *another* claim against Linjer regarding an alleged assault, which the court dismissed for plaintiff's failure to exhaust his administrative remedies. Id. at 3. Plaintiff could have brought a claim about smoke inhalation against defendant Linjer in the earlier suit, but he was not obligated to do so because it did not arise

out of the same facts as the assault claim.  Colonial Penn Life Insurance Co. v. Hallmark Insurance Administrators, Inc., 31 F.3d 445, 447 (7th Cir. 1994).  Thus, the 2004 case does not bar plaintiff from bring his claim against defendant Linjer.

## ORDER

IT IS ORDERED that defendant Kirby Linjer's motion for judgment on the pleadings, dkt. #76, is DENIED.

Entered this 28th day of August, 2008.

BY THE COURT:

/s/
_____
BARBARA B. CRABB
District Judge