IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

SHAHEED TAALIB'DIN MADYUN, ORDER

               Petitioner, 08-cv-32-bbc

  v.
KIRBY LINJER,

               Respondent.

---

The trial in this prisoner civil rights case is scheduled for October 22, 2008. Plaintiff Shaheed Madyun has filed a motion to delay the trial indefinitely, which will be denied as unnecessary. Plaintiff sought to move the trial date because he believed that he might be having surgery before the trial and would need "several weeks to recover." Dkt. #92, at 3. As it turns out, no surgery has been scheduled for plaintiff before the trial or during it, according to the health services manager at plaintiff's prison. Schrubbe Aff., dkt. #101.

Also before the court is plaintiff's petition for a writ of habeas corpus ad testificandum for three prisoners, Daniel Vanderpool, Frank Stewart and Lee Benton, which will be denied as well. In the court's trial preparation order dated August 20, 2008, the parties were given a deadline of September 22, 2008 to submit any requests to bring incarcerated witnesses to the trial. Plaintiff has missed that deadline by more than two weeks.

In any event, plaintiff has not shown that any of the proposed witnesses would provide

1

any relevant testimony. He says nothing about the potential testimony of Stewart and Benton. With respect to Vanderpool, plaintiff says he is the prisoner who set the fire that led to plaintiff's injuries from smoke inhalation. In the affidavit attached to plaintiff's motion, Vanderpool avers that defendant escorted him to segregation after he set the fire, but that defendant left soon thereafter. Plaintiff says that Vanderpool's testimony contradicts defendant's affidavit, but he is wrong. Defendant did not aver that he stayed with Vanderpool; he said only that he did not return to the cell block immediately after moving Vanderpool to segregation. Dft.'s Aff., dkt. #49, at ¶¶15-17 ("After accompanying Vanderpool to the segregation unit, it was my responsibility to ensure that the health services unit check the restraints that were placed on Vanderpool and that I complete the necessary paperwork related to the cell entry extraction and to his placement in control status. . . . I returned to the W Building at approximately 10:15 p.m., or approximately 2 hours after the fire incident in room #243.") Because plaintiff identifies no other reason for calling Vanderpool, his petition must be denied.

ORDER

IT IS ORDERED that plaintiff Shaheed Madyun's motion to postpone the trial, dkt.

#92, and his petition for a writ of habeas corpus ad testificandum, dkt. #96, are DENIED.

Entered this 14th day of October, 2008.

BY THE COURT:

/s/

STEPHEN L. CROCKER
Magistrate Judge